IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
**COMPLAINT**

| | |
|---|---|
| **HECTOR GONZALEZ,** on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) **No.** 1:21-cv- |
| Plaintiff, | ) ) **Hon.** |
| v. | ) **District Court Judge** ) |
| **MAVERICK EXTERIORS, LLC, AN ILLINOIS LIMITED LIABILITY COMPANY, GEOFF HANSSLER, INDIVIDUALLY AND ELIZABETH HANSSLER, INDIVIDUALLY.** | ) Hon. ) Magistrate Judge ) ) **JURY DEMAND** ) |
| Defendants. | ) |

NOW COMES Plaintiffs, **HECTOR GONZALEZ** ("Plaintiff"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for his Complaint against Defendants, **MAVERICK EXTERIORS, LLC** ("MEL"), Geoff Hanssler and Elizabeth Hanssler (together, "MLE" or "Defendants"), state as follows:

**I.   NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

**II.   JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the

employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **MAVERICK EXTERIORS, LLC** owns and operates a residential home construction business located at 10718 Ballard Road in Woodstock, Illinois. MEL performs a range of construction services related to building residential homes, including construction and installation of siding, soffits, roofs, gutters, etc. Most of MEL's home construction work is assigned by Pulte Homes by way of contracts between MEL and Pulte Homes. MEL is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, MEL was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendants, **GEOFF HANSSLER AND ELIZABETH HANSSLER** are the owners of MEL (any reference to "MEL" in this Complaint shall include Geoff and Elizabeth Hanssler, such that "MEL" encompasses and refers to all Defendants)**.** In their capacity as owners and operators of MEL, Geoff and Elizabeth Hanssler were vested with the authority to implement and carry out the wage and hour practices of MEL. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Geoff and Elizabeth Hanssler, who in turn responded to those communications with the authority described above. Thus, at all times relevant hereto, Geoff and Elizabeth Hanssler were acting directly or indirectly in the interest of the employer in relation to the employee

2

Plaintiff and therefore as defined under both the federal and state statutes relied upon, are each an "employer". and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, are "employers".

5. Plaintiff, **HECTOR GONZALEZ**, is a former employee of Defendants who, between approximately March 2020 and June 2021, was employed by Defendants as a laborer and crew leader. Plaintiff performed manual labor duties for Defendants related to home construction and other duties as assigned by Defendants. Plaintiff received only his straight time pay for all hours worked in excess of 40 in individual work weeks and did not receive an overtime premium for overtime eligible hours worked over 40 in individual work weeks. Plaintiff was regularly denied overtime pay by Defendants for hours worked over 40 per work week. Additionally, Defendants engaged in an illegal "hour banking" practice. This practice resulted in overtime-eligible hours being "banked" and not paid at Plaintiff's applicable time and one-half rate in the week the hours were worked. Instead, Defendants paid back the "banked" hours at Plaintiff's straight time rate at a later date. Because of these practices, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

6. All other unnamed, similarly situated Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present construction and laborer workers who work or worked for Defendants, were improperly denied overtime for hours worked in excess of 40 in individual work weeks, had overtime hours illegally "banked" and withheld by Defendants.

7. As employees performing duties for an enterprise engaged in commerce, the Named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. **STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10. Plaintiff, at all times pertinent to the cause of action was employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Plaintiff, on a regular basis within his dates of employment referenced herein, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

12. Plaintiff Hector Gonzalez was employed by MEL from approximately March 2020 to June 2021.

13. Gonzalez was employed as a construction laborer and crew leader for MEL. Gonzalez performed a variety of construction and manual labor tasks in support of MEL's home construction business. Plaintiffs' primary duties were to build, construct and install exterior siding, roofing, soffits, gutters, etc. at various construction sites. Gonzalez performed these manual labor tasks for Defendants' clients for Defendants' benefit.

14. While Plaintiff was employed with Defendants, Geoff and Elizabeth Hanssler would assign projects and manage day-to-day operations of MEL, including MEL's wage and hour policies. Plaintiff understood that all employment-related inquiries, including questions about MEL's wage and hour policies, were to be directed to Geoff and Elizabeth Hanssler. Upon information and belief, Geoff and Elizabeth Hanssler implemented and carried out all wage and hour policies for MEL and all its workers, including the illegal pay practices alleged herein. Upon further information and belief, Elizabeth Hanssler was in charge of and oversaw MEL's payroll operations and was responsible for implementation and execution of MEL's "hour-banking" practice, as described, *infra*.

15. Gonzalez's typical assigned schedule was 7:00 a.m. to 3:30 p.m. Monday through Friday. However, due to the demands and deadlines of Defendants' business, Gonzalez almost always worked in excess of this assigned schedule, frequently working past his scheduled 3:30 p.m. end time. These additional hours are reflected on his timesheets. Additionally, Gonzalez would work Saturdays on a frequent basis.

16. Each week, Gonzalez would complete timesheets consisting of all hours worked that week for MEL. These timesheets included the address or description of each location Plaintiff worked each day, as well as start and end times of each shift. The total weekly hours were totaled and written at the bottom of the timesheet. At the end of the week, Plaintiff would hand in the timesheet consistent with MEL's timekeeping policy.

17. Gonzalez regularly, if not always, worked in excess of 40 hours in individual work weeks, as assigned by MEL. Most, if not all, of Gonzalez's contemporaneous timesheets reflect hours worked in excess of 40 in individual work weeks for which he was entitled to overtime premiums. At times, Gonzalez worked as many at sixty (60) hours in individual work weeks.

18. At the beginning of Gonzalez's employment within the relevant period, he received approximately $26.00 per hour and was paid weekly. Gonzalez later received a raise to $28 per hour. Gonzalez was paid only his applicable straight time rate for all hours worked each week, including overtime-eligible hours worked in excess of 40 hours in individual work weeks.

19. Over the course of Gonzalez's employment, he was paid the first 40 hours of straight time pay via payroll check as a W2 employee with proper payroll withholdings deducted. However, most, if not all, of Plaintiff's hours worked in excess of 40 in individual work weeks were not paid to him by MEL in the weeks the wages for such hours were earned by Gonzalez. Instead, Defendants would typically "bank" Gonzalez's hours that exceeded 40 in individual work weeks.

20. As a result of this illegal "hour-banking" practice by MEL, Gonzalez was only paid for a portion of his work hours (all at his straight time rate) while the remaining overtime hours worked in excess of 40 in that particular work week would be "banked", or withheld by Defendants, instead of paid to Gonzalez in the week the wages were earned.

21. The "banked" hours would accumulate over periods of time to be paid out to Gonzalez only at his straight time rate of pay, instead of the proper overtime rates, at later dates such as when Gonzalez worked less than a full schedule (i.e. sick). As with all of Gonzalez's overtime hours, MEL paid these redistributed "banked" overtime hours at

Gonzalez's regular straight time rate of pay to further avoid overtime obligations set forth by the statutes referenced herein.

22. When MEL did pay out Gonzalez's "banked" overtime hours to him at his straight time rate of pay, Geoff or Elizabeth Hanssler would pay the hours via handwritten company check so that the overtime hours did not appear on their payroll system for tax purposes. MEL's illegal hour banking practice deprived Gonzalez, and others similarly situated, of overtime premiums for hours worked in excess of 40 in individual work weeks as well as contributions to Social Security, Medicare, Medicaid, etc. Additionally, these "off the book" payments of banked wages by MEL deprived the U.S. Department of Treasury and Illinois Department of Revenue of taxes otherwise required by MEL to pay.

23. On a regular basis, Gonzalez would exchange text messages with Elizabeth Hanssler about his weekly work hours, as well as his hours that Defendants illegally "banked". Gonzalez was often forced to request that his "banked" overtime hours be paid to him (albeit at his straight time rate of pay) because MEL would otherwise continue to illegally withhold the hours. Upon information and belief, MEL kept particular records of banked hours for Gonzalez and their other hourly workers.

24. These "banked" hours for which Gonzalez did not receive overtime compensation were in addition Defendants' other illegal pay practice of only paying Gonzalez his straight time rates for overtime-eligible hours that were paid out to him at the time they were earned.

25. Plaintiff also believes there were certain hours worked by him that were "banked" by MEL and not reapplied and paid back at all, resulting in non-payment of both his straight time pay and overtime premiums.

7

26. Throughout the course of his employment, Plaintiff, and those similarly situated, were denied overtime premiums by MEL in violation of federal and state law. Upon information and belief, Plaintiff understood that all hourly employees and workers, including all laborers and construction workers, were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks and had hours illegally withheld through MEL's illegal "hour-banking" practice.

27. Plaintiff worked in excess for forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rate of pay for such hours.

28. Plaintiff was denied time and one half his regular rate of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

29. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of working hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that MEL recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

30. The claims brought herein by the Named Plaintiff are based on non-compliant practices and policies implemented by Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-30.   Paragraphs 1 through 30 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 30 of this Count I.

31.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*, Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

32.   Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff, and the Plaintiff Class, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)   back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)   prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)   Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)   such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-32.   Paragraphs 1 through 32 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 32 of Count II.

33.   Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the

statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

34. Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-34. Paragraphs 1 through 34 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of Count III.

35. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory

provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

36. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-36. Paragraphs 1 through 36 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of this Count IV.

37. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

38. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

39. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff is entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

Respectfully submitted,

*Electronically Filed 08/11/2021*

s/John W. Billhorn

John William Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiff